**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

ERNEST LAMONT YOUNG, # 326704,

        Petitioner,

v.                                                    ACTION NO.
                                                      2:06cv430

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.


## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions

of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for

the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas

corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner Ernest Lamont Young was convicted of second degree murder,[1] malicious

wounding, robbery, use of a firearm in commission of murder, malicious wounding, and robbery and

conspiracy in the Circuit Court of the City of Norfolk.  He was sentenced to a term of thirty-seven

---

[1]Although Young's sentencing order states that he was convicted of first degree murder, the parties agree that the sentence as stated in the order is incorrect.  According to the respondent, the Circuit Court of the City of Norfolk is correcting Young's sentencing order to accurately reflect his conviction of second degree murder. (Resp. Reply 1.)

years imprisonment.

Young's direct appeal of his convictions to the Virginia Court of Appeals was denied on May 10, 2004. After appellate counsel failed to perfect an appeal to the Virginia Supreme Court, Young filed a petition for a writ of habeas corpus in the Circuit Court of the City of Norfolk alleging, among other things, ineffective assistance of appellate counsel. The circuit court granted the writ on his ineffective assistance of appellate counsel claim, but denied Young's petition as to all other claims. The Virginia Supreme Court subsequently granted Young leave to pursue a belated appeal. Young's petition for direct appeal to the Virginia Supreme Court was refused on March 6, 2006. Finally, Young appealed the circuit court's partial dismissal of his habeas petition to the Virginia Supreme Court, which refused the petition for appeal on July 11, 2006.

Young, presently in the custody of the Virginia Department of Corrections at the Sussex One State Prison in Waverly, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 25, 2006. On October 12, 2006, the respondent filed a Rule 5 Answer and Motion to Dismiss. Young filed a response to the Motion to Dismiss on October 23, 2006.

## B. Grounds Alleged

Young asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     he was denied his Sixth Amendment right to a speedy trial;

(b)     he was denied due process under the Fourteenth Amendment when he was convicted by insufficient evidence;

(c)     he was denied due process under the Fourteenth Amendment when the prosecutor:

        (i)     brought additional charges, without notification, after Young pled not guilty at his preliminary hearing;

2

      (ii)      produced a wrongful conviction by using false testimony;

      (iii)     used improper comments and statements during his closing argument to inflame the passions of the jury;

      (iv)     endorsed the credibility of the Commonwealth's witnesses during closing argument;

      (v)      unfairly depicted Young despite the underwhelming evidence supporting his conviction;

(d)     he was denied the the effective assistance of counsel under the Sixth and Fourteenth Amendments when counsel:

      (i)       did not discuss the case with him, inform or consult him about strategy, and ignored Young's information;

      (ii)      did not notify Young of new charges until the indictments were served;

      (iii)     ignored his request for an evidentiary hearing, since none of the testimony from the Commonwealth's witnesses would have met the five factors in the <u>Biggers</u> test;

      (iv)     ignored his request for a speedy trial, allowing the prosecutor three continuances without Young's knowledge or consent;

      (v)      failed to disclose all of his case file, including a transcript from proceedings occurring on June 2, 2003, to appellate counsel;

      (vi)     denied him access to material crucial to impeach adverse witnesses and failed to cross-examine the medical examiner and crime scene detectives who had favorable evidence;

      (vii)    failed to object to the prosecutor's

misconduct, rendering Young's trial fundamentally unfair;

(viii)   failed to object to two jury instructions that conflicted with each other;

(ix)   failed to impeach the false testimony of the Commonwealth's witnesses, which was incredible and did not meet the <u>Biggers</u> test;

(x)   failed to conduct a proper pretrial investigation or present mitigation evidence;

(xi)   perpetrated fraud at trial when he told the court there had only been one prior continuance;

(e)   he was denied his Fourteenth Amendment right to due process by the trial court when it:

(i)   refused to grant his motion to dismiss on insufficiency of the evidence grounds, as there was no evidence he committed the crimes of murder, malicious wounding, robbery, or conspiracy;

(ii)   refused to grant his motion to set aside the jury verdict as contrary to the law, as he was convicted solely on the testimony of three eye-witnesses, two of whom were co-defendants;

(iii)   improperly instructed the jury, giving two jury instructions that conflicted with each other;

(iv)   dismissed his writ of habeas corpus;

(f)   he was erroneously convicted by the trial court, because he is actually innocent; and,

(g)   he was denied his Fourteenth Amendment right to due process, because exculpatory evidence was withheld from him.

4

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Young's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Grounds (d)(i), (ii), (iii), (v), (viii), and (ix) and Ground (g)  were not raised before the Virginia Supreme Court. Because the exhaustion requirement "refers only to remedies still available at the time of the federal petition," Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982), Young can satisfy the requirement "if it is clear that [Young's] claims are now procedurally barred under [Virginia] law," Castille v. Peoples, 489 U.S. 346, 351 (1989). See also Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997).

Virginia does bar Young from raising Grounds (d)(i), (ii), (iii), (v), (viii), and (ix) and Ground (g) because he had knowledge of these claims at the time he filed his previous state habeas corpus petition and failed to raise the claims in that petition. See Va. Code Ann. § 8.01-654(B)(2) (2000). Therefore, Young has met the exhaustion requirement for the claims.

However, even if his claims meet the exhaustion requirement, under Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977), Young cannot raise in a federal habeas corpus proceeding any claim he

did not first present to the Virginia Supreme Court unless he can show cause for failing to present the claim and prejudice resulting therefrom. Nowhere in his federal petition has Young shown the requisite cause and prejudice which this Court must find before considering the merits of the claims. Therefore, this Court finds that Grounds (d)(i), (ii), (iii), (v), (viii), and (ix) and Ground (g) are defaulted on federal habeas and will not address the merits.

## B. State Procedural Rule

Young's Grounds (a), (c)(i) through (v), and (e)(iii) were raised in his habeas petition to the Virginia Supreme Court filed on June 12, 2006, but were rejected by that court based upon a state procedural rule. The Virginia Supreme Court refused to consider these claims because they were not raised on direct appeal. Therefore, the claims were barred by Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974).[2]

Clearly the Virginia Supreme Court's refusal to hear these claims rested squarely on the state procedural bar provided in the Slayton v. Parrigan. There was no interweaving of any federal law within Virginia's refusal to consider Young's claims. The Fourth Circuit has held, "[a]bsent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997) (internal citations omitted) There is no cause, prejudice, or miscarriage of justice alleged by Young or apparent to this Court. Therefore, this Court cannot now review claims which were procedurally defaulted in the Virginia Supreme Court. This Court recommends denying Young's

---

[2]The Virginia Supreme Court upheld the decision of the Circuit Court which dismissed the claim based on Slayton v. Parrigan. Therefore, the decision of the Virginia Supreme Court is presumed to rest upon the same ground. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Grounds (a), (c)(i) through (v), and (e)(iii) .

## C. Merits

_____Young previously asserted his remaining claims to the Virginia Supreme Court in either his direct appeal of his convictions or his appeal of the Circuit Court of the City of Norfolk's dismissal of his state habeas petition.  Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Virginia Supreme Court adjudicated on the merits[3] unless the Virginia Supreme Court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way."  Williams v. Taylor, 529 U.S. 362 (2000).  Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated."  Id. at 1511.

Because the Virginia Supreme Court summarily rejected Young's claims raised in both his

---

[3]The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits."  Wright v. Angelone, 151 F.3d 151, 156-57 (4th Cir.1998).

direct appeal and his appeal from the circuit court's denial of his habeas petition, this Court will conduct an independent review of the applicable law to determine whether Young has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." Bell v. Jarvis, 236 F.3d at 162. The Supreme Court has further admonished,

> factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(c)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).

Miller-El v. Cockrell, 537 U.S. 322 (2003).

## 1. Ground (b)

In Ground (b), Young claims that his Fourteenth Amendment right to due process was denied when he was convicted by insufficient evidence. When considering a sufficiency of the evidence claim, the Court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements . . . beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Court must resolve any conflicts in the evidence in favor of the prosecution. Id. at 323.

The evidence adduced at trial, as summarized by the Virginia Court of Appeals in its final order dated May 10, 2004, proved

> that Chaundra Taylor, Patrick McDaniel, and [the petitioner] went to Emeer Banks' apartment to rob him. Troy Williams was also in the apartment. Taylor arrived first, then paged [the petitioner] to signal the opportunity to rob Banks. [The petitioner] and McDaniel entered the apartment. Shots were fired by Williams, McDaniel, and [the

8

> petitioner]. [The petitioner] fatally shot Banks, and Williams was
> wounded in the melee.  Taylor, McDaniel, and [the petitioner] left
> Banks' apartment with stolen marijuana and money.

Young urges this Court to find his convictions unsupported by sufficient evidence because the

Commonwealth's case was proven almost entirely through the testimony of its witnesses, who were

inherently incredible. The Supreme Court has made it clear, however, that  "28 U.S.C. § 2254(d)

gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has

been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434

(1983).  The substance of the testimony provided by witnesses was also summarized in the final

order from the Virginia Court of Appeals:

> All three eyewitnesses testified that [the petitioner] and McDaniel
> arrived at Banks' apartment shortly after the page.   All three
> witnesses testified that Williams opened the door for [the petitioner]
> and McDaniel, ran upstairs and fired shots at McDaniel.  All three
> witnesses testified that [the petitioner] shot and killed Banks.  In
> addition, the testimony of these witnesses was consistent with the
> forensic evidence.

(Va. Ct. App. Final Order, May 10, 2006.)

Viewed in the light most favorable to the Commonwealth, it is clear that the evidence

presented at trial was sufficient for a rational trier of fact to have found, beyond a reasonable doubt,

the essential elements of second degree murder, malicious wounding, robbery, use of a firearm in

commission of murder, malicious wounding, and robbery and conspiracy.  See Jackson, 443 U.S.

at 319.  Therefore, the Court recommends that Ground (b) be denied.

## 2.  Ground (d)(iv)

In Ground (d)(iv), Young argues that he was denied the effective assistance of counsel when

his trial counsel ignored his request for a speedy trial, allowing the prosecutor three continuances

without Young's knowledge or consent.  The controlling standard for ineffective assistance of counsel claims is found in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  In order to recommend granting Young's relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of Young's claims was an unreasonable application of <u>Strickland</u>.  <u>Strickland</u> requires the Virginia Supreme Court to analyze Young's claims under a two-prong test: competence and prejudice.  To have granted relief, the Virginia Supreme Court would have to have found that (1) Young's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, <u>Strickland</u>, 466 U.S. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different.  <u>Strickland</u>, 466 U.S. at 694 (the "prejudice prong" of the test).  Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable  professional assistance."  <u>Id.</u> at 689.

Without commenting on whether counsel's failure to more vigorously protect Young's right to a speedy trial falls below the range of competence demanded of lawyers in criminal cases, it is clear that counsel's alleged failure to do so did not prejudice Young.  The continuances were granted because the Commonwealth's witnesses were not available. (State Pet., Ex. B and C.)  Had counsel insisted on going to trial when the Commonwealth did not have its witnesses available, the Commonwealth could have moved to *nolle prosequi* the matter, starting the speedy trial clock anew.  Therefore, there is not a reasonable probability that, but for counsel's allegedly deficient performance, the ultimate result would have been different.  <u>See</u> <u>Strickland</u>, 466 U.S. at 694.  Accordingly, the rejection of this claim by the Virginia Supreme Court was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law.  For that reason, the

10

Court recommends denying Ground (d)(iv).

### 3. <u>Ground (d)(vi)</u>

In Ground (d)(vi), Young argues that counsel was ineffective because he denied Young access to material crucial to impeach adverse witnesses and failed to cross-examine the medical examiner and crime scene detective who had favorable evidence.  Young does not project what evidence might have been adduced on cross-examination, but instead states only that "counsel's failure to cross-examine the medical examiner and the crime scene detectives undermined petitioner's defense, because the testimony of these witnesses provided evidence that was favorable to the petitioner's innocence and could have been used to impeach the testimony of the prosecutor's three witnesses."  (Pet. 14.)

Ground (d)(vi) fails for two reasons.  First, counsel's decision whether, and in what manner, to cross-examine a witness was a "strategic decision[] made after thorough investigation of law and facts relevant to plausible options" and is therefore " virtually unchallengeable."  <u>Strickland</u>, 466 U.S. at 690.  Second, Young asserts that cross-examination of the medical examiner and crime scene detectives would have produced evidence that could have been used to impeach the witnesses' testimony.  He does not specify, however, what facts would have been established upon cross-examination or how those facts could have been used to impeach the Commonwealth's witnesses. Without making such a showing, Young cannot fulfil either the competence or prejudice prongs of <u>Strickland</u>.  Therefore, the Court recommends denying Ground (d)(vi).

### 4. <u>Ground (d)(vii)</u>

In Ground (d)(vii), Young asserts that counsel was ineffective for failing to object to the prosecutor's misconduct, which rendered his trial fundamentally unfair.   Young has not

substantiated his claim, however, stating only that counsel's failure to object allowed the prosecutor to violate Young's fundamental rights. Young does not reference particular misconduct by the prosecutor, nor does he attempt to show how any alleged misconduct rendered his trial fundamentally unfair. Therefore, the Court recommends denying Ground (d)(vii), as it is fatally vague and does not support a claim for violation of federal law.

### 5. **Ground (d)(x)**

Young states in Ground (d)(x) that counsel was ineffective for failing to conduct a proper pretrial investigation or present mitigation evidence at trial. The claim is procedurally defaulted to the extent Young claims that counsel failed to present mitigation evidence. That facet of the claim was not presented in his state habeas petition, and it is therefore barred under section 8.01-654(B)(2) of the Virginia Code.

With respect to his claim that counsel failed to conduct a proper pretrial investigation, the circuit court concluded, and the Virginia Supreme Court affirmed, that Young waived this claim in his pretrial readiness colloquy in which he told the court, under oath, that he was at that time entirely satisfied with the services of his attorney. (Cir. Ct. Final Order, Sep. 30, 2005.)

In cases in which a habeas petitioner claims his plea of guilty was not made knowingly and voluntarily, despite the petitioner's representation during the guilty plea colloquy that it was, the Fourth Circuit has held that "[a]bsent clear and convincing evidence to the contrary" a petitioner "is bound by the representations made during the plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001). The instant claim can be likened to such a case. Here, Young stated in his readiness colloquy that he had had enough time to talk to counsel about his defenses, that he was entirely satisfied with the services of his attorney at that point, and that he was ready for trial that

12

day.  (Cir. Ct. Final Order, Sep. 30, 2005.)  Young has not presented clear and convincing evidence that he did not have enough time to talk to counsel about his defenses or that they were not ready for trial.  Instead, Young asserts that counsel failed to recover records from a 7-11 pay telephone that he claims would have proven the existence of an incident involving Taylor, McDaniel, and Williams.  Young has not indicated that counsel did not attempt to obtain these records.  Moreover, it is unclear how, if at all, evidence of the alleged occurrence might have changed the outcome at trial.  See Strickland, 466 U.S. at 694.  Accordingly, Young is bound by the representations he made during his readiness colloquy.  See Beck, 261 F.3d at 396.  Because the Virginia Supreme Court's adjudication is not contrary to, nor an unreasonable application of, federal law, the Court recommends denying Ground (d)(x).

### 6.  Ground (d)(xi)

In his final allegation of ineffective assistance of counsel, Young claims that counsel perpetrated fraud on the court when he stated during the June 2, 2003, proceeding that the case had only been continued once, when, in fact, it had been twice continued.  According to Young, counsel's misstatement prejudiced his resulted because, had the court been made aware that it was the prosecutor's third motion for a continuance, it may not have granted his motion, leaving the prosecutor with no other choice but to nolle pros petitioner's charges.

Young's allegation that counsel intentionally misrepresented the status of the case to the court is not supported by the record.  In the transcript from the proceeding, counsel stated, "I vigorously oppose such a motion.  My client has been ready for trial." (Pet. Ex. C.)  Counsel then states, in support of his argument to go forward, that the case had already been continued because of the unavailability of a Commonwealth witness.  Counsel continued, arguing that the failure of the

13

Commonwealth's witness to appear was unreasonable and, therefore, trial should commence.

Even a mistaken misrepresentation, however, can constitute ineffective assistance under the Strickland standard when the misrepresentation sufficiently prejudices the petitioner's case. For the reasons explained in the discussion of Young's Ground (d)(iv), Young was not prejudiced by the continuance. Accordingly, the Virginia Supreme Court's application of Strickland was reasonable, and the Court recommends denying Ground (d)(xi).

## 7. Grounds (e)(i) & (e)(ii)

In Ground (e)(i), Young argues that the trial court denied his Fourteenth Amendment right to due process when it refused to grant his motion to dismiss on insufficiency of the evidence grounds. Similarly, Ground (e)(ii) states that Young's right to due process was denied when the trial court refused to grant his motion to set aside the jury verdict as contrary to the law because the sole evidence supporting his conviction was the testimony of three eye-witnesses, two of whom were co-defendants. These claims mirror Young's Ground (b). For the reasons it recommended denying Ground (b), the Court recommends denying Grounds (e)(i) and (e)(ii).

## 8. Ground (e)(iv)

Young's Ground (e)(iv) states that his Fourteenth Amendment right to due process was denied by the trial court when it dismissed his writ of habeas corpus. This Court cannot consider his allegation, however, because "[c]laims of error occurring in state post-conviction proceedings cannot serve as a basis for federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (explaining that petitioner is not currently detained as a result of a decision of the Virginia Supreme Court in his habeas action, thus, a challenge to Virginia's state habeas corpus proceedings cannot provide a basis for federal habeas

14

corpus relief).  Therefore, the Court recommends denying Ground (e)(iv).

### 9.  Ground (f)

In Ground (f), Young states that he was erroneously convicted by the trial court because he is actually innocent.  Young supports his claim by referencing the evidence presented at trial, without mention of newly discovered evidence suggesting his actual innocence.  "Because federal habeas relief exists to correct constitutional defects, not factual errors, '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.'" Royal v. Taylor, 188 F.3d 239, 243 (4th Cir. 1999) (citing Herrera v. Collins, 506 U.S. 390, 400 (1993)).  Claims of actual innocence based only on the evidence presented at trial are also not cognizable in federal habeas review.  Therefore, the Court recommends denying Ground (f).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Young's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss be GRANTED.

Young's Grounds(d)(i), (ii), (iii), (v), (viii), and (ix) and Ground (g) should be DENIED because they were never raised to the Virginia state courts and Young has shown no cause for failing to present the claims and no prejudice resulting therefrom which this Court must find before considering the merits of the claims.

Young's Grounds (a), (c)(i) through (v), and (e)(iii) should be DENIED because they were procedurally barred from review in the state courts and thus, may not now be considered in this federal Court.

Young's Grounds (b), (e)(i) and (ii) should be DENIED because they were previously

adjudicated by the Virginia Supreme Court on the merits and none of the statutory exceptions that would allow this Court to review the claims on the merits applies.

Young's Grounds (d)(iv), (vi), (vii), (x), and (xi) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and based on the holding in Strickland and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

Grounds (e)(iv) and (f) of Young's petition should be DENIED because they present claims that are not cognizable in federal habeas review.

Young's request for an evidentiary hearing is hereby DENIED.

Young has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the  Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 20, 2007

17

## <u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed this date to the

following:


Ernest L. Young, # 326704
Sussex One State Prison
24414 Musselwhite Drive
Waverly, VA 23891



Susan M. Harris, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219


Fernando Galindo, Acting Clerk


By _____
  Deputy Clerk

, 2007

18